IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD PREIS, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0360-WS-C |
| | ) |
| **LEXINGTON INSURANCE COMPANY,** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of defendants T&B, Ltd., d/b/a Thames, Batre, Mattei, Beville and Ison ("T&B") and Allen Ladd (collectively, "the Agents") to dismiss. (Doc. 19). The parties have filed briefs in support of their respective positions, (Docs. 20, 26, 35, 46, 50), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be granted, with leave to amend.

The complaint purports to allege causes of action against the Agents for negligence, misrepresentation and negligent misrepresentation. (Doc. 3 at 12-13). The Agents argue that the latter two claims fail to state a claim upon which relief can be granted because they fail to plead fraud with the particularity demanded by Rule 9(b).

"The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988); *see also Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985)(Rule 9(b)'s "clear intent is to eliminate fraud actions when all facts are learned through discovery after the complaint is filed."). Rule 9(b) challenges must be gauged in light of the purposes the rule is designed to fulfill and not simply by an abstract fastidiousness. Moreover, "[t]he application of the rule must not abrogate the concept of notice pleading." *Durham v. Business Management Associates*, 847 F.2d at 1511; *accord Friedlander v. Nims*, 755 F.2d at 813 n.3 ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader

policy of notice pleading.").

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(internal quotes omitted).  The Agents identify the "elements omitted" as the time and place of the alleged misrepresentations, the person making them on behalf of T&B, and the "means of communication" employed (including particular document or telephone conversation).  (Doc. 20 at 5-6; Doc. 35 at 2-3).  The Agents make no challenge to the third and fourth portions of *Ziemba*.

The plaintiffs do not argue that their complaint satisfies the first two portions of *Ziemba*.  Instead, they attempt to amplify their allegations in brief.  With respect to the person making the misrepresentations, they identify Ladd.  (Doc. 46, ¶¶ 6, 8).  With respect to the mode of communication, they identify the telephone.  (*Id*., ¶ 6).  With respect to the time of the misrepresentations, they point to the period "immediately prior" to their purchase of the subject policy.  (*Id*., ¶ 8).[1]  With respect to place, the complaint already alleges that the representations occurred while he was in the Middle District of Alabama.  (Doc. 3, ¶ 5).

The Agents, while challenging other aspects of the plaintiffs' response, do not suggest that the information provided therein would fail to satisfy Rule 9(b) if incorporated within the complaint.  (Doc. 50).  Accordingly, the Court concludes that, while the complaint as filed does not satisfy Rule 9(b), an amended complaint that incorporated the information contained in the plaintiffs' briefing would do so.  The plaintiffs have requested the opportunity to amend.  (Doc.

---

[1] The Agents and/or the co-defendant insurer presumably know or can readily identify when the policy was purchased.  That is sufficient to fulfill the purposes of Rule 9(b) without doing violence to the broader policy of notice pleading.  The Agents can scarcely demand the plaintiffs to provide a date they do not know, especially when the plaintiffs provide the Agents sufficient information for them to identify the date from their own knowledge or records.

46 at 6).

    For the reasons set forth above, the Agents' motion to dismiss for failure to comply with Rule 9(b) is **granted**. The plaintiffs' claims against the Agents for misrepresentation and negligent misrepresentation are **dismissed**, subject to the right of the plaintiffs to file and serve, on or before **August 29, 2006**, an amended complaint satisfying Rule 9(b).

    DONE and ORDERED this 15th day of August, 2006.

                                                        s/ WILLIAM H. STEELE
                                                       UNITED STATES DISTRICT JUDGE