IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD PREIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0360-WS-C |
| ) | |
| **LEXINGTON INSURANCE** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On February 15, 2007, defendant Lexington Insurance Company ("Lexington") filed a motion for leave to file its motion for summary judgment under seal. (Doc. 101). The motion explained that Lexington's memorandum would reference certain documents and deposition excerpts that had been designated as confidential, and that an agreed protective order, presented to and signed by the Magistrate Judge, compelled Lexington to file such material under seal. The Court expressed skepticism with Lexington's position but, given that Lexington's filing was due the next day, granted the motion while requiring briefing on the matter and reserving its ultimate ruling on the propriety of sealing. (Doc. 102).

Lexington's brief in response to the Court's order reveals that only one of the 19 exhibits it filed is "confidential" as defined by the agreed protective order.[1] Lexington's brief also reveals that this exhibit ("Exhibit 16") is discussed on only three pages of its summary judgment memorandum ("pages 23-25"). (Doc. 123 at 2). Nevertheless, Lexington filed the entirety of its summary judgment materials under seal, (Doc. 105) — including the motion itself; the memorandum in support; its proposed determinations of

---

[1] According to the agreed protective order, any party could unilaterally designate any document or deposition testimony as confidential. (Doc. 88 at 2-3).

uncontroverted fact and conclusions of law; its proposed order granting summary judgment; and the 18 exhibits admittedly falling outside the protective order — even though that order provides that, "[w]here possible, only portions of the filing with the Court constituting Confidential Information shall be filed under seal." (Doc. 88 at 4).[2]

Lexington acknowledges that it has "absolutely no objection" to unsealing its motion, its proposed determinations and conclusions, its proposed order, and Exhibits 1-15 and 17-19. (Doc. 123 at 2). Nor has any other party requested that the seal be maintained. Thus, only the memorandum and Exhibit 16 need be considered further.[3]

"[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access]." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001); *accord Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The common-law right of

---

[2]Lexington suggests that it sealed documents patently not entitled to sealing because it was informed by the clerk's office that it could not submit only part of its filing under seal. (Doc. 123 at 2). The very affidavit on which Lexington relies, however, reflects that the clerk's office informed Lexington only (and correctly) that Lexington could not file under seal just the three pages of its memorandum discussing Exhibit 16 but that "the entire memorandum would need to be electronically filed under seal." (*Id.*, Exhibit 1, ¶ 4). No information from the clerk's office supported Lexington's sealing of anything other than the memorandum and Exhibit 16.

[3]"Every court has supervisory power over its own records and files ...." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Thus, the Court has authority to review sua sponte the propriety of a filing under seal. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2nd Cir. 2004); *see also Prescient Acquisition Group, Inc. v. MJ Publishing Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007 ) (raising sua sponte the propriety of filing documents under seal); *Meridian Project Systems, Inc. v. Hardin Construction Co.*, 426 F. Supp. 2d 1101, 1103 n.2 (E.D. Cal. 2006) (same); *Zurich American Insurance Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 499 (E.D. Pa. 2004) (addressing sua sponte whether file should remain sealed); *cf. In re: Alexander Grant & Co. Litigation*, 820 F.2d 352, 357 (11th Cir. 1987) ("Efficiency should never be allowed to deny public access to court files or material of record unless there has been an appropriate predicate established.").

access, as measured by Federal Rule of Civil Procedure 26(c), "requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313; *see also Romero*, 480 F.3d at 1246 (listing factors to be considered).

The "first question" is whether the sealed materials "do in fact contain" confidential information. *Chicago Tribune*, 263 F.3d at 1313. Lexington argues that Exhibit 16 contains such information because it addresses the compensation Lexington pays its co-defendant, T&B. (Doc. 123 at 3-4, 6). The Court has reviewed Exhibit 16 and confirmed that it contains such information. Pages 23-25 of the memorandum supporting summary judgment, however, do not address T&B's compensation, directly or indirectly. Because Lexington has identified no protectable "interest in keeping the information confidential" with respect to the material discussed on pages 23-25, the balancing of interests necessarily ends in favor of disclosure.

With respect to Exhibit 16, Lexington persuasively argues that disclosure of its compensation arrangement with T&B "could impact [its] negotiations with ... other Program Administrators throughout the United States" and "create a competitive disadvantage to Lexington as respects its negotiations with other surplus lines brokers." (Doc. 123 at 3-4, 6). This provides Lexington a justifiable interest in continued confidentiality, and the Court discerns no sufficiently countervailing interest in disclosure. This is particularly so since Exhibit 16 was presented only to counter the plaintiffs' claim that Lexington was the principal of T&B and thus vicariously liable for its conduct, and the Court rejected the plaintiffs' claim without reviewing Exhibit 16 or deciding whether T&B was Lexington's agent. (Doc. 162 at 22-23). That is, Exhibit 16 played no role in the resolution of this lawsuit.

The agreed protective order recognizes that materials filed under seal will remain so only "until further order of the Court." (Doc. 88 at 4). Because the materials filed by Lexington in support of its motion for summary judgment, other than Exhibit 16, patently

should not have been filed under seal, the Court issues this "further order." For the reasons set forth above, it is **ordered** that the entirety of Document 105, other than Exhibit 16, be unsealed. The clerk is directed to accomplish this unsealing.

DONE and ORDERED this 30th day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
